# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDWARD HERNANDEZ,

    Plaintiff,

v.

           Case No: 19-cv-4002-HLT-TJJ

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff commenced this action *pro se* on January 14, 2019 by filing a Complaint (ECF No. 1) alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, and discrimination on the basis of disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and naming the United States Postal Service ("USPS") and several USPS employees as defendants. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[1] Although 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel," Plaintiff is not proceeding *in forma pauperis*, so this provision does not apply. However, the district court also has discretion to appoint counsel for a plaintiff who asserts claims under Title VII "in such circumstances as the court may deem just."[2] The Tenth Circuit has identified four factors which

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] 42 U.S.C. § 2000e-5(f)(1).

are relevant when evaluating motions for the appointment of counsel in Title VII cases.[3] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[4] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[5] The discretion granted to the court in appointing counsel is extremely broad.[6]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[7] Indiscriminate appointment of volunteer counsel to undeserving claims wastes resources and may discourage attorneys from providing pro bono services.[8]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Based on the Court's review of the motion, along with the complaint filed in the case, the Court finds that Plaintiff has shown diligence in attempting to secure counsel, but it is unclear whether Plaintiff has shown financial inability to pay for counsel. Plaintiff attempted to proceed in this action *in forma pauperis*, but based on his financial affidavit, his motion was denied, and Plaintiff subsequently paid the filing fee.[9]

---

[3] *Castner*, 979 F.2d at 1420-21.
[4] *Id.*
[5] *Id.* at 1421.
[6] *Id.* at 1420.
[7] *Id.*
[8] *Id.*
[9] *See* ECF Nos. 5 and 6.

Where the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time. Finally, the Court finds Plaintiff appears able to adequately communicate to the Court the pertinent facts giving rise to his claims. Plaintiff appears to have used the employment discrimination forms provided by this Court to assist him in preparing his Complaint, and he has supplemented those with additional documents. Plaintiff also filed an Equal Employment Opportunity Complaint with USPS in which he articulated his claim. Plaintiff therefore appears able to adequately present his case without the assistance of counsel.

The Court declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1). If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated May 24, 2019, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge