IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD HERNANDEZ, )
)
        Plaintiff, )
)
v. )
) Case No: 19-cv-4002-HLT-TJJ
)
UNITED STATES POSTAL SERVICE, )
et al., )
)
        Defendants. )

## **MEMORANDUM AND ORDER**

Before the Court is the United States' Motion to Stay Discovery (ECF No. 30). Defendant United States Postal Service ("USPS") asks this Court to stay all discovery until the Court rules on its pending motion to dismiss (ECF No. 28). USPS filed its motion on September 17, 2019. To date, pro se Plaintiff Edward Hernandez has not filed a response, and his time to do so has passed.[1] Therefore, the Court considers USPS's motion as an uncontested motion.[2] Although the Court could choose to "grant the motion without further notice,"[3] it still considers the merits of the motion, and for the reasons discussed below, grants the motion.

**I.    Procedural Background**

Plaintiff filed this case on January 14, 2019 alleging employment discrimination following an injury he allegedly suffered on the job in violation of Title VII of the Civil Rights

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to non-dispositive motions (motions other than motions to dismiss, motions for summary judgment, motions to remand, or motions for judgment on the pleadings) must be filed and served within 14 days.").

[2] *See* D. Kan. Rule. 7.4(b) ("If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."). Additionally, although Plaintiff proceeds pro se, Plaintiff previously failed to respond to a motion to dismiss and the Court allowed Plaintiff a brief extension of time to file his response (ECF No. 27). Because the Court has already put Plaintiff on notice of his requirement to respond to motions, the Court does not do so again now.

[3] D. Kan. Rule 7.4(b).

Act of 1964, the Age Discrimination Act of 1967, and the American with Disabilities Act of 1990. His request to proceed *in forma pauperis* was denied,[4] but Plaintiff paid the filing fee and issued summons. All defendants have now been served except for two: Karen Ramcharan and American Postal Workers Union. Plaintiff has been ordered to show cause why service of the summons and complaint in this case was not made upon these defendants.[5] The remaining defendants are split into two groups, with each group having filed a motion to dismiss.[6]

Plaintiff originally failed to file a response to the first motion to dismiss, but after receiving an extension of time from the Court, Plaintiff did file a response on September 20, 2019. Plaintiff has yet to file a response to the second motion to dismiss, filed September 17, 2019.

Defendant USPS asks discovery in this case be stayed pending ruling on its dispositive motion because this case will likely be concluded as a result of the ruling on the motion, and discovery would not uncover new or additional facts that would affect the resolution of the motion.[7]

## II. Legal Standard

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[8] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[9] Therefore, the

---

[4] *See* ECF Nos. 5 and 6.

[5] *See* ECF No. 37. Plaintiff has until October 24, 2019 to respond.

[6] ECF Nos. 23 and 28.

[7] ECF No. 31 at 2.

[8] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[9] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

general policy in the District of Kansas is to not stay discovery even when dispositive motions are pending.[10]

However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[11]

## III. Analysis

In considering the above factors, the Court finds a stay of discovery is appropriate here. After reviewing the two pending motions to dismiss, it appears likely that they will be granted at least in part. Should they be granted in their entirety, this case would be finally concluded except with regard to the two defendants who have yet to be served. However, unless Plaintiff is able to show good cause as to why they have not been served ten months after Plaintiff filed his complaint, the case will be dismissed as to those defendants as well.

USPS argues discovery would not affect the resolution of its motion to dismiss, and without a response arguing otherwise from Plaintiff, the Court agrees. The Court finds discovery at this point would be wasteful and burdensome and not in the interest of judicial economy or efficiency. Therefore, the Court grants the motion and stays all discovery in this case pending ruling on the dispositive motions.

**IT IS THEREFORE ORDERED BY THE COURT** that the United States' Motion to Stay Discovery (ECF No. 30) is granted. Discovery and all Fed. R. Civ. P. 16 parties' planning

---

[10] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan. 1990)).

[11] *Id.*

and scheduling requirements are hereby stayed until such time as the District Judge rules on the pending dispositive motions (ECF Nos. 23 and 28).

**IT IS SO ORDERED.**

Dated October 17, 2019, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge