# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EDWARD HERNANDEZ,

    **Plaintiff,**

    v.

UNITED STATES POSTAL SERVICE, et al.,

    **Defendants.**

Case No. 5:19-cv-04002-HLT

## MEMORANDUM & ORDER

This action relates to a workplace injury sustained by Plaintiff Edward Hernandez and the subsequent denial of his claim for disability compensation with the Office of Workers' Compensation Programs ("OWCP"). Plaintiff proceeds pro se[1] and filed this action against his employer, the United States Postal Service ("USPS"), and several individual USPS employees and union officials, alleging two sets of claims: (1) a claim related to the denial of OWCP compensation, and (2) claims under various federal anti-discrimination statutes.

Following previous orders, however, only one defendant (USPS) and one set of claims (the discrimination claims) remain. USPS now moves for summary judgment on Plaintiff's discrimination claims, arguing that Plaintiff failed to exhaust his administrative remedies as to those claims before filing this action. Doc. 54. As discussed below, the Court agrees and therefore grants USPS's motion for summary judgment.

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

I.   **BACKGROUND**[2]

    A.   **Plaintiff's Submissions in Response to the Motion for Summary Judgment**

The Court first addresses several issues regarding Plaintiff's submissions in response to USPS's motion for summary judgment. The Court's understanding is that Plaintiff opposes summary judgment in favor of USPS and seeks partial summary judgment in his favor.[3] Plaintiff submits three documents: (1) an "Answer to Defendants Motion for Summary Judgement," (2) a "Memorandum in Support of United States Motion for Summary Judgement," and (3) a "Response to Defendants Reply in Support of United States' Motion for Summary Judgement." Docs. 59, 60, 62.

First, Plaintiff's submissions generally fail to comply with the rules regarding summary judgment. With its motion for summary judgment, USPS included the requisite "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment." Doc. 55-2; *see also* D. KAN. R. 56.1(f) (requiring "[a]ny represented party moving for summary judgment against a party proceeding pro se" to file this notice). That notice attached the applicable summary judgment rules—Rule 56 and District of Kansas Rule 56.1—and advised Plaintiff that, to oppose summary judgment, he must submit evidence countering the facts asserted by USPS and raising specific facts to support his claims. Doc. 55-2 at 2. The notice further cautioned that, if Plaintiff did not respond to the motion with evidence contradicting USPS's asserted facts, the Court "may accept [USPS's] facts as true,

---

[2]   For purposes of summary judgment, the facts set forth herein are uncontroverted or recited in the light most favorable to the nonmoving party.

[3]   Plaintiff's stance regarding this litigation is somewhat confusing based on his submissions. In his "Answer," Plaintiff states that, at this time, he "agrees" to USPS's "motion for a summary judgement [sic]." Doc. 59. This submission—taken at face value—could thus arguably be viewed as conceding the validity of USPS's summary judgment arguments. But Plaintiff's "Memorandum in Support" suggests a contrary position, in that it purports to "move[ ] for a Partial Summary Judgement" [sic] on several components of his case. Doc. 60. Considering these submissions together—and in recognition of Plaintiff's pro se status—the Court understands Plaintiff as "agreeing" to a summary judgment resolution of certain aspects of this matter but opposing summary judgment in favor of USPS and, indeed, requesting partial summary judgment in his favor.

in which event [Plaintiff's] case may be dismissed and judgment entered in [USPS's] favor without a trial." *Id.*

But, as USPS points out in its reply, nowhere in any of Plaintiff's filings—including his affidavit and other exhibits—does Plaintiff specifically controvert any of USPS's numbered statements of facts as required under the summary judgment rules. Although recognizing that Plaintiff proceeds pro se, his pro se status neither excuses him from compliance with procedural rules nor shields him from the consequences of his noncompliance. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants"). This includes compliance with the District's local rules. *See Hamilton v. Dep't of Veterans Affairs*, 2016 WL 7326280, at *1 (D. Kan. 2016). Because Plaintiff has not properly controverted any of USPS's facts, the Court deems those facts admitted for purposes of summary judgment. *See* D. KAN. R. 56.1(a) ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."); FED. R. CIV. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); *see also Kobel v. Dunkle*, 2018 WL 572053, at *2 (D. Kan. 2018) (deeming defendants' allegations admitted for purposes of summary judgment where pro se plaintiff "generally [did] not controvert defendants' statements in numbered paragraphs"); *Hamilton*, 2016 WL 7326280, at *2 (holding that "[b]ecause [pro se] plaintiff has controverted none of defendant's facts, the court can consider these facts undisputed for purposes of summary judgment").[4]

---

[4] Although the Court deems USPS's facts admitted, the Court did review the record evidence cited by USPS and has confirmed that it supports the asserted facts. The Court has also attempted to give Plaintiff's filings fair construction under the liberal pro se standard when analyzing the pending motion.

Second, to the extent Plaintiff's submissions (specifically, his "Memorandum in Support") are construed as seeking partial summary judgment in his favor, the Court denies any such motion. District of Kansas Rule 56.1—the text of which was, again, provided to Plaintiff by USPS with its motion for summary judgment—dictates that a summary judgment brief "begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists." D. KAN. R. 56.1(a). Plaintiff's filings do not include such a list. Nor does Plaintiff attempt to make any argument as to how any fact properly asserted by USPS in connection with its motion entitles him to summary judgment. The Court previously cited this same rule in declining to consider USPS's earlier alternative motion for summary judgment. *See* Doc. 49 at 4 n.6. For these reasons, the Court thus denies Plaintiff's motion for partial summary judgment as procedurally improper.[5]

Finally, the Court addresses Plaintiff's "Response to Defendants Reply," which the Court construes as a surreply in opposition to USPS's motion for summary judgment. Doc. 62. First, Plaintiff's surreply is procedurally improper. This District's rules generally "do not provide for the filing of surreplies," but leave to file a surreply may be appropriate "where a movant improperly raises new arguments in a reply." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997) (internal quotations omitted). Here, Plaintiff did not move for leave before filing his surreply. Again, Plaintiff's pro se status does not excuse him from compliance with procedural rules. *See Nielsen*, 17 F.3d at 1277. Second, even if Plaintiff's submission had been procedurally proper, leave to file a surreply is not appropriate here because USPS did not improperly raise any new arguments in their reply. Indeed, based on the Court's review, Plaintiff's surreply simply responds

---

[5] The Court further notes that denial of any such motion for partial summary judgment is also warranted for the additional reasons set forth in USPS's summary judgment briefing. *See* Doc. 61 at 2.

to arguments raised by USPS in its initial memorandum in support, which Plaintiff either could have addressed in his response and did not, or actually did address in his response and thus merely rehashes here. The Court therefore declines to consider Plaintiff's unauthorized surreply. But, even if the Court did consider the surreply, it would not change the outcome.

### B. Uncontroverted Facts

Having addressed these issues, the Court proceeds to its recitation of the uncontroverted facts. Plaintiff, a USPS employee based in Topeka, Kansas, sustained an on-the-job injury in August 2014. Plaintiff subsequently made a claim for disability compensation with the OWCP, but the claim was denied. Pertinent to the summary judgment arguments here is the administrative process initiated by Plaintiff several years after his injury, in which Plaintiff raised complaints regarding USPS's handling of that injury and the OWCP process.

Plaintiff first contacted the USPS National Equal Employment Opportunity Investigative Services Office ("EEO Office") on May 30, 2018. Doc. 55 at 2 ¶ 1. Before filing any formal complaint of discrimination, USPS employees first undergo a counseling period. In connection with that process, Plaintiff submitted a document to the EEO Office entitled "Information for Pre-Complaint Counseling." *See* Doc. 55-3 at 8. In that document, in response to a prompt regarding what "factor(s) of discrimination" Plaintiff was alleging, he wrote: "race, color, sex (male), age (56+), [and] physical disability." Doc. 55 at 2 ¶ 1; Doc. 55-3 at 8. In his description of the incident for which he was seeking EEO counseling, however, Plaintiff did not mention any discrimination and, rather, reported an incident that occurred on May 14, 2018, where he "became aware that the Agency (USPS) did not follow proper procedure for requesting and denying medical documentation for an on the job injury [he] sustained on 8-18-2014." Doc. 55 at 2 ¶ 2; Doc. 55-3 at 8. Plaintiff stated that, as a result of "USPS negligence," he lost pay and was "removed from the

5

service." Doc. 55 at 2 ¶ 2; Doc. 55-3 at 8. The report generated by the EEO Counselor assigned to Plaintiff's case echoed these allegations. Doc. 55-3 at 5-7.

On August 28, 2018, the EEO Office issued Plaintiff a Notice of Right to File letter, which advised him (1) that there was no resolution to his counseling request, and (2) that he could now opt to file a formal complaint of discrimination. Doc. 55 at 2 ¶ 3; Doc. 55-3 at 29. The letter further advised Plaintiff that the formal complaint "must be specific and contain only those issues either specifically discussed with [the EEO Counselor] or issues that are like or related to the issues . . . discussed with [the EEO Counselor]." Doc. 55 at 2 ¶ 3; Doc. 55-3 at 29. The letter also advised Plaintiff that the formal complaint must include "[t]he specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue," and "[a] brief statement of the facts that led you to believe you were discriminated against and the names of the similarly situated individuals whom you believe were treated differently than you." Doc. 55 at 2 ¶ 3; Doc. 55-3 at 34.

Plaintiff proceeded to file a formal complaint ("EEO Complaint") with the EEO Office on September 19, 2018. Doc. 55 at 3 ¶ 4; *see* Doc. 55-3 at 38-40. In the section of the EEO Complaint indicating the types of alleged discrimination, Plaintiff checked the boxes for discrimination based on race (Hispanic), color (Brown), sex (male), Age (40+), and disability (work injury). Doc. 55 at 3 ¶ 5; Doc. 55-3 at 38. Plaintiff alleged continuing discrimination from August 18, 2014 to the present. Doc. 55 at 3 ¶ 6; Doc. 55-3 at 38. In the section reserved for an explanation of "the specific action(s) or situation(s) that resulted in you alleging that you were discriminated against," Plaintiff wrote: "On May 14, 2018 I became aware the USPS did not follow proper procedure for requesting or denying medical documentation for an on-the-job injury sustained on 8-14-2014." Doc. 55 at 3

6

¶ 7; Doc. 55-3 at 38. The EEO Complaint included a signed acknowledgment of the advisements Plaintiff received in the Notice of Right to File letter. Doc. 55 at 3 ¶ 8; Doc. 55-3 at 39.

Following an inquiry into Plaintiff's allegations, the EEO Office issued a decision on October 15, 2018, dismissing Plaintiff's EEO Complaint. Doc. 55 at 3 ¶ 9; *see* Doc. 55-3 at 42-45. Specifically, the EEO Office found that the EEO Complaint was a collateral attack on actions that occurred during the OWCP process. Doc. 55 at 3 ¶ 9; Doc. 55-3 at 43-44. The decision advised Plaintiff that he had the right to appeal the decision to the Equal Employment Opportunity Commission ("EEOC") or—in lieu of an EEOC appeal—to file a civil action with the District Court within 90 calendar days of Plaintiff's receipt of the decision. Doc. 55-3 at 44-45.

Plaintiff accordingly filed this action on January 14, 2019. The operative complaint asserts claims under: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; and (3) § 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791.[6] Doc. 9. Plaintiff also asserted a claim related to the denial of OWCP compensation, but, as discussed above, that claim was previously dismissed.[7]

In the complaint, Plaintiff indicates that he is asserting discrimination on the basis of his race, color, sex, age, and disability. *Id.* at 3. The discriminatory conduct specifically alleged includes wrongful termination,[8] a failure to accommodate, disparate treatment, retaliation, and

---

[6] Although Plaintiff purports to bring his claim for disability discrimination under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101, et seq., this claim is properly brought under § 501 of the Rehabilitation Act because Plaintiff is a federal employee and alleges this claim against a federal agency. *See Corbin v. Runyon*, 1999 WL 590749, at *6 (10th Cir. 1999) ("As a federal Postal Service employee, § 501 of the Rehabilitation Act is the exclusive remedy for [plaintiff's] claim of disability discrimination."). Given his pro se status, the Court construes Plaintiff's disability discrimination claim as filed under the Rehabilitation Act.

[7] As the Court noted in its January 10, 2020 order in this case (Doc. 49), although the complaint does not expressly assert a claim related to the denial of OWCP compensation, the Court broadly construes the complaint to assert such a claim given Plaintiff's pro se status.

[8] The Court notes, for purposes of clarity, that it appears from the record that Plaintiff is still employed by USPS.

harassment. *Id.* USPS now moves for summary judgment on the remaining discrimination claims. Doc. 54.

## II. STANDARD

Summary judgment is appropriate where the moving party demonstrates that "there is no genuine dispute as to any material fact" and it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In applying this standard, courts must view the facts and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III. ANALYSIS

As discussed, the only claims that remain are Plaintiff's claims alleging workplace discrimination under Title VII, the ADEA, and the Rehabilitation Act. USPS now moves for summary judgment on those remaining claims, arguing that Plaintiff failed to exhaust his administrative remedies.[9] Doc. 54. USPS's exhaustion argument has two components. First, USPS argues that the allegations Plaintiff makes in connection with those claims are outside the scope of the allegations Plaintiff raised at the administrative level. Second, USPS argues that Plaintiff failed

---

[9] USPS previously moved to dismiss and raised this same argument—i.e., failure to exhaust—in that briefing. But the Court denied USPS's request for dismissal because the exhaustion argument was raised for the first time on reply, and, therefore, was not properly before the Court. Doc. 49 at 4-6. However, the Court expressly noted that this denial was "without prejudice to USPS's right to re-raise this argument with the Court via an appropriate procedural vehicle" (*id.*), which USPS has now done.

to raise these issues with the EEO Counselor within 45 days of the date of any alleged discriminatory action, as required under 29 C.F.R. § 1614.105(a)(1).

Before filing suit under Title VII, the ADEA, or the Rehabilitation Act, a plaintiff must exhaust his administrative remedies. *See Semsroth v. City of Wichita*, 304 F. App'x 707, 712 (10th Cir. 2008) (Title VII); *Riley v. Tulsa Cty. Juvenile Bureau ex rel. Tulsa Cty. Bd. of Comm'rs*, 421 F. App'x 781, 783 (10th Cir. 2010) (ADEA); *Random v. U.S. Postal Serv.*, 170 F. App'x 525, 527 (10th Cir. 2006) (Rehabilitation Act). To that end, a plaintiff's claim in federal court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal quotations omitted). Because charges of discrimination are typically filed by non-attorneys, charges are to be "liberally construed" at all levels of review. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018).

For the following reasons, the Court agrees with USPS's first argument for summary judgment: the allegations in Plaintiff's complaint go well beyond the scope of the allegations raised in his EEO Complaint.[10] As discussed, the complaint alleges that Plaintiff experienced discrimination on the basis of his race, color, sex, age, and disability, and specifically alleges wrongful termination, failure to accommodate, disparate treatment, retaliation, and harassment. Doc. 9 at 3. But none of these discriminatory theories and acts were raised in the administrative proceedings. Though, in the section of the EEO Complaint indicating the bases of the alleged discrimination, Plaintiff "checked" the boxes for discrimination based on race, color, sex, age, and disability, Plaintiff's explanation of the alleged discrimination again pertained only to his

---

[10] Given this holding, the Court does not address USPS's other exhaustion argument (i.e., Plaintiff's alleged noncompliance with the 45-day requirement set forth in 29 C.F.R. § 1614.105(a)(1)).

allegations that "USPS did not follow proper procedure for requesting or denying medical documentation for an on-the-job injury sustained on 8-14-2014." Doc. 55 at 3 ¶¶ 5, 7; Doc. 55-3 at 38. This was the extent of the factual allegations in Plaintiff's EEO Complaint. There are no allegations related to any wrongful termination, failure to accommodate, disparate treatment, retaliation, and harassment. This is despite the fact that the EEO Office specifically advised Plaintiff in its Notice of Right to File letter that the formal complaint "must be specific" and include information such as "[t]he specific action or matter complained of," "the date of occurrence," "the names of the official(s) who took the alleged discriminatory action at issue," and "[a] brief statement of the facts that led you to believe you were discriminated against and the names of the similarly situated individuals whom you believe were treated differently than you." Doc. 55 at 2 ¶ 3; Doc. 55-3 at 29, 34. Simply put, Plaintiff did not raise any of these allegations in his EEO Complaint. And claims raised in federal court that were not raised in the administrative complaint below are not viable. *See, e.g.*, *Cirocco v. McMahon*, 768 F. App'x 854, 861 (10th Cir. 2019) (affirming a dismissal on administrative exhaustion grounds where "the retaliation claim [the plaintiff] designated in her EEO complaint was simply not the retaliation claim she pursued in the district court"); *Hamilton v. Dep't of Veterans Affairs*, 2016 WL 7326280, at *7 (D. Kan. 2016) (finding a failure to exhaust where the complaint "alleges additional discriminatory and retaliatory acts that plaintiff never asserted in an administrative proceeding").

And the Court further notes that Plaintiff did not just neglect to include these allegations in his EEO Complaint. Indeed, throughout the administrative process—from the point of his initial contact with the EEO Counselor through the ultimate filing and disposition of his EEO Complaint—Plaintiff never once raised any of the discriminatory theories and acts he now alleges here. Plaintiff only described the May 14, 2018 incident where he "became aware that [USPS] did

10

not follow proper procedure for requesting and denying medical documentation" in connection with his August 2014 workplace injury. Doc. 55 at 2 ¶ 2; Doc. 55-3 at 8. Regardless, even if Plaintiff had presented argument or evidence showing he raised these allegations during the pre-complaint EEO counseling period (and he has not), as USPS points out in its briefing, discussion of an allegation during the counseling period is insufficient to constitute administrative exhaustion if that same claim is not also included in the formal complaint. *See Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012) (explaining that "[f]iling a formal complaint is a prerequisite to exhaustion . . . so [the plaintiff] cannot rely on the EEO counseling report to establish exhaustion of a claim that he failed to include in his formal complaint" (citing 29 C.F.R. § 1614.407)).

In sum, reviewing the contents of Plaintiff's EEO Complaint—and giving it a liberal construction, as the Court is bound to do, *see Smith*, 904 F.3d at 1166—it would not be reasonable to expect the scope of the administrative investigation to include an inquiry into any of the theories and acts of discrimination that Plaintiff now raises in his complaint.[11] The Court thus finds that Plaintiff failed to exhaust his administrative remedies with respect to his claims under Title VII, the ADEA, and the Rehabilitation Act. Because Plaintiff did not raise those claims at the administrative level, Plaintiff cannot now assert them here. The Court therefore grants USPS's motion and enters summary judgment in USPS's favor.[12,13]

---

[11] Indeed, the EEO Office's October 15, 2018 decision on Plaintiff's EEO Complaint bolsters this conclusion. In it, the EEO Complaint is framed simply as a collateral attack on actions that occurred during the OWCP process. *See* Doc. 55-3 at 43-44.

[12] The Court also notes that the materials submitted by Plaintiff in response to USPS's summary judgment motion do not meaningfully address the merits of USPS's exhaustion argument and do not include any facts suggesting that Plaintiff has, in fact, exhausted his discrimination claims.

[13] To the extent Plaintiff's allegations regarding the denial of his OWCP claim are the basis for his claims, the Court notes—as it held in its January 10, 2020 order in this case—that it lacks subject-matter jurisdiction over a claim related to the denial of OWCP benefits. *See* Doc. 49 at 2-4 (noting that "[t]he Secretary of Labor's decision to award or deny compensation benefits is 'not subject to review by another official of the United States or by a court by mandamus or otherwise'" (quoting 5 U.S.C. § 8128(b)(2))).

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that the Motion for Summary Judgment filed by Defendant United States Postal Service (Doc. 54) is GRANTED.

IT IS SO ORDERED.

Dated: May 28, 2020                    /s/  *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE